# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**LIBERTY MUTUAL INSURANCE COMPANY**     **PLAINTIFF**

**V.**     **CAUSE NO. 3:14-CV-696-CWR-FKB**

**TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA; COLOM CONSTRUCTION CO., INC.**     **DEFENDANTS**

## ORDER

Before the Court is Travelers Casualty and Surety Company of America's motion to dismiss. Docket No. 11. Having considered the allegations, arguments, and applicable law, the motion will be denied.

### I. Factual and Procedural History

The following allegations are drawn from the complaint.

In 2012, the Mississippi Department of Transportation (MDOT) hired Hill Brothers Construction Company for a highway construction project. Liberty Mutual Insurance Company (Liberty) issued a surety bond for the work.

Hill Brothers subcontracted some of the work to Colom Construction Company. Travelers Casualty and Surety Company of America (Travelers) issued a performance and payment bond for the subcontract.

Hill Brothers defaulted. Liberty stepped into its shoes to satisfy its obligations to MDOT.

Liberty, or its contractor, became dissatisfied with Colom's work. When Colom did not correct the problems, Liberty called on Travelers to investigate and fix them. Travelers declined.

This suit followed. In it, Liberty seeks to recoup the money it will spend correcting Colom's deficient work.

Travelers' motion contends that Liberty lacks standing to make a claim on the performance and payment bond and that the complaint fails governing pleading standards.

## II. Legal Standards

When considering a motion to dismiss under Rule 12(b)(6), the Court accepts the plaintiff's factual allegations as true and makes reasonable inferences in the plaintiff's favor. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To proceed, the complaint "must contain a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* at 677-78 (quotation marks and citation omitted). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," but the complaint need not have "detailed factual allegations." *Id.* at 678 (quotation marks and citation omitted). The plaintiff's claims must also be plausible on their face, which means there is "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted).

"A question of standing raises the issue of whether the plaintiff is entitled to have the court decide the merits of the dispute or of particular issues. Standing is a jurisdictional requirement that focuses on the party seeking to get his complaint before a federal court." *Pederson v. Louisiana State Univ.*, 213 F.3d 858, 869 (5th Cir. 2000) (quotation marks and citation omitted). The standing inquiry asks whether the plaintiff has suffered a concrete injury, caused by the defendant, which may be redressed by a favorable ruling. *Id.* "When considering whether a plaintiff has standing, a court must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party." *Campaign for S. Equal. v. Bryant*, No. 3:14-CV-818, 2014 WL 6680570, at *5 (S.D. Miss. Nov. 25, 2014) (quotation marks and citation omitted).

## III. Discussion

### A. *Iqbal*

Travelers argues that the complaint is too general to satisfy *Iqbal*. The Court disagrees. Although the complaint is short, it contains "more than an unadorned, the defendant-unlawfully-harmed-me accusation," sets forth a plausible set of facts, and is supported by a number of relevant exhibits, including the Colom subcontract and the performance and payment bond. *Iqbal*, 556 U.S. at 678. Nothing more was required.[1]

### B. Standing

Travelers then contends that Liberty lacks standing because Liberty was neither the Obligee named in the performance and payment bond nor a third-party beneficiary of that contract. Hill Brothers was the Obligee named in the bond. Docket No. 1-2.

In response, Liberty has pointed to language in the subcontract stating that "[Travelers] shall be fully liable for any claim for which [Liberty] may be liable with respect to [Colom's] work." Docket No. 1-1, at 3. Liberty's brief also points to several Fifth Circuit cases in which insurance companies, including Travelers, were found to have standing when they stepped into the shoes of their insured to seek the benefits of a bond. *See Travelers Indem. Co. v. Peacock Const. Co.*, 423 F.2d 1153, 1156 (5th Cir. 1970) ("But these [standing arguments] misconceive the whole nature of this proceeding—Travelers claiming by subrogation the rights of Murray's to payment of the contract price on completion of the subcontract."); *Wilcon, Inc. v. Travelers Indem. Co.*, 654 F.2d 976, 987 (5th Cir. 1981) ("When Travelers completed the Waveland project upon the default of the Combined Corporation and pursuant to its bond obligations,

---

[1] Travelers' reply claims that the complaint fails because it does not explain how Liberty satisfies a condition precedent to suit: that Liberty performed or paid in full the cost of fixing Colom's errors before it sought subrogation. The Court does not consider new arguments made in reply briefs. *See Mississippi ex rel. Hood v. AU Optronics Corp.*, 876 F. Supp. 2d 758, 768 (S.D. Miss. 2012).

Travelers became subrogated to all of the rights and remedies of the Combined Corporation against defaulting subcontractors."). Given this law, Liberty says Travelers' position in this litigation is hypocritical and should be estopped.

Travelers attempts to factually distinguish one of the above-quoted cases in rebuttal, but does not dispute the contractual language setting forth its obligations to Liberty. Given the allegations of the complaint and the contracts, the Court is satisfied that Liberty need not be the named Obligee to bring this suit. Liberty has suffered an injury, fairly traceable to Travelers' conduct, which would be remedied by a favorable ruling in this case.

**C.  Assignment**

Finally, Travelers argues that Liberty cannot bring this suit because Liberty assigned its interests to the contractor it hired to complete the construction work. This turns out to be a variation on the standing argument, as Travelers goes on to contend that Liberty's contractor would lack standing to bring this suit since it also was not the named Obligee.

Taking the allegations of the complaint as true, as this Court must at this juncture, the argument fails to persuade because Liberty has not assigned its right to file suit to its contractor. It seems unlikely that Liberty would assign its right to sue to its contractor and then itself spend money on attorneys and filing fees. The standing argument, moreover, fails for the reasons already stated.

**IV.  Conclusion**

For these reasons, the motion is denied.

**SO ORDERED**, this the 16th day of April, 2015.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE